Josephson, J.
INTRODUCTION
The plaintiff, Winglee International, Inc., brought this action alleging state civil rights violations, Chapter 93A violations, and fraud against the defendants, Hung & Jing, Inc. The defendants then brought three counterclaims alleging (1) breach of contract, (2) Chapter 93A violations, and (3) abuse of process. The defendants assert the breach of contract counterclaim against only the plaintiff, Winglee International, Inc. The Chapter 93A violations and abuse of process counterclaims, however, are asserted against both the plaintiff and the Third-Party Defendant, Winchell P.C. Woo. The plaintiff and the Third-Party Defendant have filed a joint special motion to dismiss the Chapter 93A and the abuse of process counterclaims pursuant to G.L.c. 231, §59H, the anti-SLAPP statute. For the reasons discussed below, the plaintiff and third-party defendant’s special motion to dismiss the second and third counterclaims is ALLOWED.
BACKGROUND
The plaintiff leased restaurant space at the Comfort Inn in Chicopee, Massachusetts, from the defendants. The defendants held a liquor license and agreed to help transfer this license to the plaintiff. Prior to this transfer, the plaintiff alleges the defendants told them to stop serving black patrons. When the plaintiff refused to do so, the defendants sent a letter stating that the ABCC had refused to approve the transfer of the *140 license and therefore the defendants were terminating the lease.
The plaintiff brought this lawsuit claiming state civil rights violations. Additionally, the plaintiff claims deceit asserting that the ABCC had never ruled on the transfer of the license and the defendants changed the terms of the lease when they translated it to English from Chinese. Also, the plaintiff claims interference with advantageous relations and Chapter 93A violations.
The defendants then asserted three counterclaims against the plaintiff. First, the defendants assert that it was the plaintiff who breached the lease causing economic injury. Next, the defendants assert a Chapter 93A violation and abuse of process against both the plaintiff and the third-party defendant. In response, the plaintiff and the third-party defendant brought a special motion to dismiss the Chapter 93A and the abuse of process counterclaims under the anti-SLAPP statute.
DISCUSSION
The anti-SLAPP statute provides a two-part test to determine whether a claim, cross claim, or counterclaim should be dismissed pursuant to the statute. See G.L.c. 231, §59H; Duracraft Corporation v. Holmes Products Corporation, 42 Mass.App.Ct. 572, 573 (1997). The first part requires the moving party to prove that its claims are based on its “exercise of its right of petition under the constitution of the United States or of the Commonwealth.” G.L.c. 231, §59H. The plaintiff has met this burden because its acts are “written or oral statements made before or submitted to a . . . judicial body, or any other governmental proceeding.” Id. The plaintiffs actions, therefore, are protected acts which fall within the meaning of the exercise of the right of petition under the statute.
Once the plaintiff meets its initial burden, the second part of the test requires the court to grant the special motion unless the nonmoving party shows that (1) the plaintiffs right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the plaintiffs acts caused actual injury to the defendant. Id.
While the statute requires the moving party to file the special motion within 60 days of receiving the complaint, it allows the party to file it at any later time with court’s permission. Therefore, this court will consider the plaintiffs special motion filed outside of the 60 day period.
The defendant argues that even if the court considers the late motion, the anti-SLAPP statute does not apply because this a matter of private not public concern. This argument must fail, however, because of the Duracraft case which directly ruled that there is no requirement in G.L.c. 231, §59H, that the protected activity must involve a matter of public concern. Supra at 579.
In the alternative, the defendants argue that notwithstanding the Duracraft case, their counterclaims for abuse of process and violations of Chapter 93A do not constitute SLAPP claims because they have a right to litigate their legitimate claims. The defendants fail to address their burden to establish that (1) the plaintiffs right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the plaintiffs acts caused actual injury to the defendant. As a result, the statute requires this court to dismiss these counterclaims.
ORDER
For the foregoing reasons, Winglee International, Inc. and Winchell P.C. Woo’s special motion to dismiss is ALLOWED as to the defendant’s second and third counterclaims.